UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYUDMILA AND PETER LADUNSKIY,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDERSON & ASSOCIATES CREDIT SERVICES, LLC,<br><br>Defendant. | NO. 2:24-cv-00114-RSM<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I.   INTRODUCTION

Plaintiffs Lyudmila and Peter Ladunskiy originally filed this claim in King County Superior Court on December 21, 2023, alleging that Anderson & Associates Credit Services, LLC ("A&A") improperly garnished $1,296.74 from their bank account on July 27, 2023. The case was removed to this Court on January 25, 2024. Dkt #1. After filing an Answer, A&A's counsel withdrew, and A&A stopped communication. Dkt #10. The Court entered a default judgment as to liability on October 22, 2024. Dkt. #12.  The Court held an evidentiary hearing on June 11, 2025, where Plaintiffs testified to the events that occurred and the emotional distress it caused them. Defendant did not attend this hearing. The Court has now determined appropriate damages based on the following findings of fact and conclusions of law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW -1
2:24-CV-00114-RSM

## II.   CREDIBILITY OF THE WITNESSES

"In an action tried on the facts without a jury... the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). The trial court is empowered to judge the credibility of the witnesses. *See Spokane Arcade, Inc. v. City of Spokane*, 75 F.3d 663, 665 (9th Cir. 1996); *Zivkovic v. S. Cal. Edison Co.*, 105 Fed. Appx. 892, 893 at n.1 (9th Cir. 2004) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985)).

The Court specifically finds that the witnesses Lyudmila and Peter Ladunskiy were credible. Their answers during testimony were complete and appeared honest, and their demeanor on the witness stand leads the Court to conclude that they were truthful about their own experiences and observations.

## III.   FINDINGS OF FACT

The Court incorporates by reference its order entering the default of Defendant A&A (Dkt. #12). The following additional findings of fact are made by the Court:

1. Plaintiffs Lyudmila and Peter Ladunskiy are natural persons residing in the State of Washington. As Defendant specifically sought to collect money from Plaintiffs, Plaintiffs are therefore consumers as defined by 15 U.S.C. § 1692a(3) and debtors and defined by RCW 16.16.100(8).

2. Defendant Anderson & Associates Credit Services, LLC ("A&A") is a debt collector as defined by 15 U.S.C. §1692a(6) and a collection agency as defined by RCW 19.16.100(4).

3.  Defendant attempted to collect – and did collect – money not owed by way of a July 2023 garnishment of Plaintiffs' bank account in the amount of $1,296.74. Despite Plaintiffs' written request to return the money, Defendant A&A refused.

4.  Plaintiff Ladunskiy took off work to travel to her bank in an attempt to deal with this problem.

5.  Plaintiffs have suffered actual damages in the following amounts:

    - $1,296.74 in improperly-garnished funds;
    - $275.00 in missed work by Ms. Ladunskiy;
    - $80.00 that Plaintiffs spent out of pocket in consulting with an attorney to determine their legal rights and responsibilities.

6.  Plaintiff Lyudmila Ladunskiy has suffered actual damages in the form of emotional distress for Defendant's unlawful debt collection efforts. Such emotional distress damages are in the amount of $10,000.

7.  Plaintiff Peter Ladunskiy has suffered actual damages in the form of emotional distress for Defendant's unlawful debt collection efforts. Such emotional distress damages are in the amount of $5,000.

### IV.   CONCLUSIONS OF LAW

1.  The court has jurisdiction over the parties and this dispute concerns Federal law.

2.  The Court adopts its previous ruling in its order entering the default of Defendant A&A. Dkt. #12. As a result, the allegations in the Complaint are established, and Defendant's conduct violates multiple sections of the FDCPA, including 15 U.S.C. 1692 §§ 1692e,

e(2), e(8), and 15 U.S.C. § 1692f. *Id.* Additionally, Defendant violated RCW 19.16.250(21) by attempting to collect amounts not owed. *Id.*

3. Plaintiffs are entitled to actual damages in this case under the Fair Debt Collection Practices Act ("FDCPA"), including emotional distress. 15 U.S.C. § 1692k; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011); *Weinstein v. Mandarich L. Grp., LLP*, No. C17-1897RSM, 2019 WL 290578, at *2 (W.D. Wash. Jan. 23, 2019), *aff'd in part, rev'd in part and remanded*, 798 F. App'x 88 (9th Cir. 2019).

4. Emotional distress is established though the testimony of each Plaintiff. *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003).

5. The Court observes that, even as of the day of this hearing, Defendant A&A has not refunded any of Plaintiffs' money, and in its Answer (Dkt. #3), denied all wrongdoing and repeatedly attempted to blame Plaintiffs for their damages.

6. Based on the facts and circumstances in this case, such as the egregiousness of the violation and Defendant's refusal to acknowledge its wrongdoing, Plaintiff Lyudmila Ladunskiy is entitled to the maximum statutory damages under the FDCPA in the amount of $1,000.00. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006).

7. Plaintiffs are entitled to actual damages under the Washington Collection Agency Act ("WCAA") and Consumer Protection Act ("CPA"). RCW 19.16.440 and RCW 19.86 *et seq*.

8. Such actual damages include money for parking and gas used in seeking an attorney to determine Plaintiffs' legal rights and responsibilities in connection with A&A's garnishment.

9. Based on the facts and circumstances in this case, treble damages are appropriate in pursuant to RCW 19.86.090 to deter and punish defendant from further violations. *Mason v. Mortg. Am., Inc.*, 114 Wn. 2d 842, 855 (1990).  This is especially so given the fact that Defendant was given multiple opportunities to return Plaintiffs' money, but instead continued to defiantly claim that Plaintiffs owed money. The amount of damages subject to trebling are, as stated above, $80.00 for expenses in seeking legal advice, plus $275.00 in missed work, plus $1,296.74 in the wrongful garnishment, which is hereby trebled to a total of $ 4,955.22.

10. Plaintiffs are entitled to costs of suit together with reasonable attorney's fees under the FDCPA and the WCAA/CPA.  15 U.S.C. § 1692k; RCW 19.16.440; RCW 19.86.090. Plaintiffs shall file a petition for fees and costs after the entry of this order.

11. Having fully considered the evidence presented in the hearing, the exhibits admitted into evidence, and the argument of counsel, and being fully advised, the Court finds in favor of Plaintiff Lyudmila Ladunskiy in the total amount of $15,955.22.  The clerk shall enter judgment accordingly.

12. Having fully considered the evidence presented in the hearing, the exhibits admitted into evidence, and the argument of counsel, and being fully advised, the Court finds in favor of Plaintiff Peter Ladunskiy in the total amount of $5,000.00.  The clerk shall enter judgment accordingly.

13.  This matter is now CLOSED.

It is so ORDERED.

DATED this 18th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW -6
2:24-CV-00114-RSM